IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SEWELL, *et al.*, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:20-cv-697-ECM |
| | ) | (WO) |
| ABS SOUTHEAST, *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

_____

| | | |
|---|---|---|
| ALFA MUTUAL INS. CO., | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:20-cv-698-ECM |
| | ) | |
| EUROPEAN STUCCO & | ) | |
| DESIGN, LLC, *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

In this action, the Plaintiffs, Charles and Wanda Sewell, ("the Sewells" or
"Plaintiffs") allege that on January 25, 2020, their home was completely destroyed by fire
(Doc. 2–1 at 2).  On July 30, 2020, they filed suit in the Circuit Court of Barbour County,
Alabama, naming as Defendants ABS Southeast, LLC, ("ABS"), and European Stucco &
Design, LLC, ("European Stucco"). (*Id*.).  The Plaintiffs allege that ABS sold and installed

the fire boxes that allegedly started the fire that destroyed their home, and European Stucco performed work around those fire boxes. (*Id*. at 2–4).  The Plaintiffs contend that their injuries are the result of these Defendants' negligence or wantonness and seeks a judgment awarding compensatory and punitive damages. (*Id*. at 3–4).

The Defendants subsequently removed this case from state court on the basis of diversity jurisdiction.  28 U.S.C. §§ 1332 and 1441.  The Sewells are citizens of the State of Alabama, and the notice of removal asserts that ABS is a limited liability company whose sole member is a citizen of the State of Florida, and European Stucco is a limited liability company whose sole member is a citizen of the State of Georgia.  (Doc. 2 at 1).  In its notice of removal, the Defendants allege that the Court has jurisdiction over this matter because the parties are citizens from different states and the amount in controversy exceeds $75,000.  (*Id.* at 2–3).

Now pending before the Court is the Plaintiffs' motions for leave to amend the complaint and to remand, (doc. 31), which are opposed by the Defendants.  (Docs. 32 & 33).  The motions are fully briefed, and ready for resolution without oral argument.

## II.  STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  When jurisdiction turns on removal, "federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand

to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

Once a party can no longer amend as a matter of course, a party may "amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  However, if a party seeks to amend a pleading after the deadline set by the Court's scheduling order, the party is required to meet the standard for modifying the scheduling order: "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  *See also, Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (because the Plaintiffs' motion to amend was filed after the deadline set in the scheduling order, the Plaintiffs "must first demonstrate good cause under Rule 16(b)."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (11th Cir. 1992) (a party seeking to amend complaint outside the period established by the Court's scheduling order must show good cause.).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  The Court's focus "is upon the moving party's reasons for seeking modification." *Id*.

## III.  PROCEDURAL HISTORY AND FACTS

The Plaintiffs filed this action in state court on July 30, 2020.  (Doc. 2–1).  On September 2, 2020, the Defendants removed the case to this Court based on diversity jurisdiction.  At that time, the Plaintiffs did not file a motion to remand or to amend the complaint.

On October 23, 2020, this Court entered a uniform scheduling order setting January 8, 2021 as the deadline for filing amended pleadings "by motion or notice of consent pursuant to Fed. R. Civ. P. 15." (Doc. 17 at 2).

On January 7, 2021, European Stucco motioned the Court for leave to file a Third-Party Complaint against Landmark Builders, LLC, ("Landmark"). (Doc. 26). Landmark was the Sewell's home builder and is a limited liability company based in Alabama.[1]  The Court granted the motion on January 11, 2021, (doc. 27), and the third-party complaint against Landmark was filed on January 12, 2021. (Doc. 28).

In response to European Stucco's Third-Party Complaint, on January 15, 2021, the Plaintiffs filed a motion to amend the complaint and to remand. (Doc. 31).  The Plaintiffs seek leave to add Landmark as a Defendant, and, as a result, ask the Court to remand the case to state court because the addition of Landmark divests the Court of diversity jurisdiction. *Id*.

---

[1] European Stucco's third-party complaint states that "Landmark is a home builder, with its headquarters in Auburn, Alabama, and doing business within the state of Alabama." (Doc. 28 at 1).

Upon consideration of the motion to amend, and for the reasons that follow, the Court concludes that the motion to amend is due to be GRANTED.  Upon the filing of the Amended Complaint, the case will be remanded to the Circuit Court of Barbour County, Alabama.

### III.  DISCUSSION

ABS and European Stucco removed this case on the basis of diversity jurisdiction. "[D]iversity jurisdiction is determined at the time of the filing of the complaint or, if the case has been removed, at the time of removal." *Thermoset Corp. v. Building Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (bracket added). The Sewells are citizens of Alabama.  ASB is a limited liability company and a citizen of Florida where its sole member is a citizen.  European Stucco is also a limited liability company but a citizen of Georgia where its sole member is a citizen.  At the time of removal, therefore, the parties were completely diverse.

However, after European Stucco filed a third–party complaint against Landmark, the Plaintiffs moved to amend their complaint to add Landmark as a Defendant.[2]  Relying on Fed. R. Civ. P. 15(a)(2)'s "freely give leave standard," the Plaintiffs argue that they should be allowed to join Landmark which would result in the case being remanded to state court because complete diversity would no longer exist. (Doc. 31).  In response, the Defendants argue that the Plaintiffs' motion to amend is untimely under the uniform

---

[2] In fact, the Plaintiffs, in their proposed amended complaint, bring claims of negligence and wantonness solely against Landmark.

scheduling order, and the Plaintiffs have failed to demonstrate good cause to permit the late amendment.  In addition, the Defendants assert that the Plaintiffs are seeking to amend their complaint "solely for the purposes of destroying diversity jurisdiction and stripping this Court of jurisdiction." (Doc. 33 at 1–2).  The Plaintiffs replied that they did not initially sue Landmark for "strategic purposes," but European Stucco "brought Landmark to the table." (Doc. 36 at 1–2).  Because the Plaintiffs seek to amend their complaint past the deadline set forth in the Court's scheduling order, the Court must determine whether good cause exists to permit the amendment.  *Sosa, supra.*

In their motion to amend, the Sewells seek to substitute Landmark for defendants ASB and European Stucco.  Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).  As European Stucco acknowledges, allowing the Plaintiffs to amend the complaint would destroy diversity and strip the Court of jurisdiction.  (Doc. 33 at 11).  As such, remand would be required.

While Rule 15(a) of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend "when justice so requires," and Rule 20 permits joinder of proper parties, the Court must scrutinize more closely an amended pleading that would name a new, nondiverse defendant in a removed case because justice requires that the Court balance the Defendants' interests in maintaining the federal forum.  "[T]he district court,

when confronted with an amendment to add a nondiverse nonindispensable party, should

use its discretion in deciding whether to allow that party to be added." *Hensgens v. Deere*

*& Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).  To exercise its discretion, the Court must

> balance the defendant's interests in maintaining the federal
> forum with the competing interests of not having parallel
> lawsuits. For example, the court should consider the extent to
> which the purpose of the amendment is to defeat federal
> jurisdiction, whether plaintiff has been dilatory in asking for
> amendment, whether plaintiff will be significantly injured if
> amendment is not allowed, and any other factors bearing on the
> equities. The district court, with input from the defendant,
> should then balance the equities and decide whether
> amendment should be permitted. If it permits the amendment
> of the nondiverse defendant, it then must remand to the state
> court. If the amendment is not allowed, the federal court
> maintains jurisdiction.

*Id*.

The Defendants assert that the motion to amend is an effort by the Plaintiffs to divest

the Court of diversity jurisdiction because they did not move to add Landmark until after

the deadline for filing amendments to the pleadings had lapsed.  The Defendants argue that

the only reason for the Plaintiffs to add Landmark now would be to defeat jurisdiction

because the Plaintiffs have known Landmark was a potential defendant before they filed

suit.  (Doc. 32 at 2; Doc. 33 at 7 and 9).

European Stucco filed their motion to file a third-party complaint against Landmark

on January 7, 2021, (doc. 26), the day before the deadline for filing amended pleadings

expired on January 8, 2021, (doc. 17), which the Court granted. (Doc. 27).  The Plaintiffs

filed their motion to amend the complaint three days after European Stucco filed their third-

party complaint on January 12, 2021. (Doc. 31). The timing of the Plaintiffs' motion to amend does not suggest that it is an attempt to divest the Court of diversity jurisdiction by adding Landmark, but rather a response to European Stucco's third-party complaint that named Landmark as a defendant. The timing of the motion to amend weighs in favor of the Plaintiffs.

While the Plaintiffs will not be significantly injured if the amended pleading is not permitted, disallowing the amendment places the parties at risk of having to engage in piecemeal litigation which is unnecessary. The parties can litigate all of their claims in state court. Thus, this factor does not weigh in favor of any party.

Finally, the Court has a strong interest in not allowing the parties to manipulate the proceedings. European Stucco filed its motion for leave to file a third-party complaint on the day before the deadline expired for filing amended pleadings, and the Court permitted the third-party complaint to be filed after the deadline expired. The Plaintiffs filed their motion to file an amended complaint in response to European Stucco's third-party complaint within three days of the Defendant's filing. Thus, after considering the appropriate factors, the Court concludes that the balance weighs in favor of the Plaintiffs, and good cause exists to permit the Plaintiffs to file an amended complaint beyond the deadline established in the scheduling order. Their motion to amend the complaint will be granted.

## IV.  CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED as follows that:

1.      the Plaintiffs' motion for leave to amend the complaint and to remand (doc. 31) are GRANTED.   The Plaintiffs shall file their amended complaint **on or before September 17, 2021** in compliance with this Court's local rules. *See* L.R.M.D.Ala.15.1.

2.      upon the filing of the Amended Complaint, this case is REMANDED to Circuit Court of Barbour, Alabama.

The Clerk of the Court is DIRECTED to take all steps necessary to effect this remand.

DONE this 10th day of September, 2021.


_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE